IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BENNY CHAVEZ**,

      Plaintiff-Appellant,

  vs.                                    No.    **CIV 02-1080 MCA/DJS**

**NEW MEXICO HUMAN
SERVICES DEPARTMENT,
CHILD SUPPORT
ENFORCEMENT SERVICES**,

      Defendant-Appellee,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *Motion to Dismiss for Failure to State a Claim* [Doc. No. 3] filed on August 28, 2002, and Plaintiff's *Motion for Leave to Amend the Notice of Appeal of Administrative Agency Decision and Complaint for Civil Rights Violations and Damages* [Doc. No. 7] filed on September 13, 2002.  Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that grounds exist for granting Defendant's motion in part as to Plaintiff's claim under 42 U.S.C. § 1983 against the New Mexico Human Services Department's Child Support Enforcement Division and denying Defendant's motion in part as to Plaintiff's state-law claims.  The Court further finds that grounds exist for granting Plaintiff's motion for leave to amend under Fed. R. Civ. P. 15(a) as explained below.

**I.     BACKGROUND**

Plaintiff filed this action in the Second Judicial District Court for the State of New Mexico on August 23, 2002, seeking damages for alleged violations of his right to due process under federal and state law.  Defendant removed the action to federal court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b) on August 28, 2002.  On the same date, Defendant also filed its *Motion to Dismiss for Failure to State a Claim* [Doc. No. 3].

Paragraph One of Defendant's *Notice of Removal* [Doc. No. 1] asserts that "[t]his Court has original jurisdiction of this matter because Plaintiff Benny Chavez's *Notice of Appeal of Administrative Agency Decision and Complaint for Civil Rights Violations and Damages* contains claims arising under the Constitution of the United States and brought pursuant to 42 U.S.C. § 1983."  Paragraph 4 of Defendant's *Notice of Removal* asserts that "State Defendants [sic] consent to the removal of this action."

Defendant's *Motion to Dismiss for Failure to State a Claim* asserts, however, that Defendant cannot be sued under 42 U.S.C. § 1983 for violating Plaintiff's civil rights because Defendant (a state agency) is not a "person" within the meaning of that statute. Defendant's motion further contends that Plaintiff's state-law claims are precluded by sovereign immunity.

In response to Defendant's motion, Plaintiff moved for leave to amend his *Notice of Appeal of Administrative Agency Decision and Complaint for Civil Rights Violations and Damages* on September 13, 2002.  In his motion, Plaintiff seeks leave to add his spouse as

2

a plaintiff and amend his claim under 42 U.S.C. § 1983 by adding three individual defendants in their official capacities. Plaintiff also seeks to change the nature of the relief he is requesting by withdrawing all claims for damages, adding a claim for a declaratory judgment pursuant to New Mexico's Declaratory Judgment Act, N.M. Stat. Ann. §§ 44-6-1 to 44-6-15 (Michie 1978 & Supp. 2000), and adding a prayer for injunctive relief.

## II.   ANALYSIS

A complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, such an amendment requires leave of the Court or written consent of the adverse party. Such "leave shall be freely given when justice so requires." Id. It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

Applying these standards, the Court first addresses Defendant's motion to dismiss Plaintiff's original pleading. The Court agrees with Defendant that Plaintiff's claim under 42 U.S.C. § 1983 against the Child Support Enforcement Division of the New Mexico Human Services Department is not viable because that entity is not a "person" within the meaning of that statute. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 122 S. Ct. 1640, 1643 (2002); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Therefore, this claim is subject to dismissal.

The Court does not agree, however, that Plaintiff's state-law claims are necessarily precluded by sovereign immunity. Defendant's *Notice of Removal* has waived Eleventh Amendment immunity by voluntarily invoking and consenting to the jurisdiction of this Court. See Lapides, 122 S. Ct. 1640, 1646 (2002); Estes v. Wyo. Dep't of Transp., 302 F.3d 1200, 1206 (10th Cir. 2002). While there remains an open question as to whether removal waives statutory sovereign immunity under state law, see Estes, 302 F.3d at 1204, Plaintiff's motion for leave to amend his complaint makes it unnecessary for the Court to resolve this question at this time.

4

The amended complaint names individuals in their official capacity and seeks only declaratory and injunctive relief.  State officials are not immune from such claims under federal law or New Mexico law.  See generally Robinson v. Kansas, 295 F.3d 1183, 1188 (10th Cir. 2002) (applying federal law); New Mexico Right to Choose/NARAL v. Johnson, 1999-NMSC-005, ¶ 23, 126 N.M. 788, 975 P.2d 841 (citing N.M. Stat. Ann. § 44-6-13 (Michie 1978 & Supp. 2000)); Carter v. City of Las Cruces, N.M., 1996-NMCA-047, ¶ 12, 121 N.M. 580, 915 P.2d 336 (citing N.M. Stat. Ann. § 41-4-17(A) (Michie 1978 & Supp. 2000)).

Further, the due process of law which Plaintiff seeks under the Fifth Amendment to the United States Constitution is made applicable to the states by means of the Fourteenth Amendment.  See generally Ingraham v. Wright, 430 U.S. 651, 672-73 (1977).  For these reasons, Plaintiff's attempt to amend his complaint is not futile.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint is granted, and Defendant's motion to dismiss is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that Defendant's ***Motion to Dismiss for Failure to State a Claim*** is **GRANTED IN PART** as to Plaintiff's claim under 42 U.S.C. § 1983 against the Child Support Enforcement Division of the New Mexico Human Services Department.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Dismiss for Failure to State a Claim* is **DENIED IN PART** as to Plaintiff's state-law claims.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to Amend the Notice of Appeal of Administrative Agency Decision and Complaint for Civil Rights Violations and Damages* [Doc. No.7] is **GRANTED**.

**SO ORDERED,** this 30th day of October, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge